UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brock Corey Tanksley

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

Clarkstown Central Schools
Russell Carrasquillo
Emil Bernado
Marc P. Baiocco
Christopher Macaluso

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Brock | C | Tanksley |
|---|---|---|
| First Name | Middle Initial | Last Name |

160 North Main Street Apt. 61 B

Street Address

| Rockland, New City | New York | 10956 |
|---|---|---|
| County, City | State | Zip Code |

| 3479040955 | casino845@icloud.com |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Russell Carrasquillo

Name

30 Parrott Road

Address where defendant may be served

| Rockland, West Nyack | New York | 10994 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

Christopher Macaluso

Name

62 Old Middletown Road

Address where defendant may be served

| Rockland, New City | New York | 10956 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

Marc Baiocco
Name

62 Old Middletown Road
Address where defendant may be served

| Rockland, New City | New York | 10956 |
|---|---|---|
| County, City | State | Zip Code |

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Clarkstown Central Schools
Name

160 N Main St. 61B
Address

| New City | New York | 10956 |
|---|---|---|
| County, City | State | Zip Code |

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒ race: ______________________

☐ color: ______________________

☐ religion: ______________________

☐ sex: ______________________

☐ national origin: ______________________

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: Black African American

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: ____________

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: ____________

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: ____________

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

NY Labor Law §§ 740 The Whistleblower Law, Retalition for reporting supervisor

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☒ did not promote me
- ☐ did not accommodate my disability
- ☒ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☒ other (specify): Blackmail, Threats of termination

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

1.) After plaintiff Brock witnessed another employee commit a lude act behind another employees' back, the defendant Russell Carrisquillo refused to bring the report further to the District's Administration office and threatened Brock and the other employees not to report the incident any further.

2.) Plaintiff Brock was warned by defendants Russell Carisquillo and Emil Bernado after plaintiff organized his co-workers in regards to getting assistance from the Union Delegate to resolve management issues. (see attached continuation)

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? April 25, 2025

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? August 14,2025

When did you receive the Notice? August 14, 2025

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☒ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

Defendant must paybac k wages as requested by the Greivance filed by The Amalgamated Transit Union Local 1181 which also included reinstanting health care, pay rate, returning plaintiff back to normal entirely.
Plaintiff also wants paid damages for emotional suffering. The sudden termination caused depression, financial burden, and embarassment.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

October 30, 2025 — Brock Tanksley

Dated — Plaintiff's Signature

Brock — C — Tanksley

First Name — Middle Initial — Last Name

160 North Main Street 61B

Street Address

Rockland, New City — New York — 10956

County, City — State — Zip Code

1-347-904-0955 — casino845@icloud.com

Telephone Number — Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Continuation of Page 2

I. Parties B Defendant Information

Defendant 3:

Emil Bernado

30 Parrott Road

Rockland, New City Ny 10904

Defendant 4:

Clarkstown Central School District

62 Old Middletown Road

Rockland, New City Ny 10956

Continuation of Page 5 IV. STATEMENT OF CLAIMS B. Facts

3.) Plaintiff Brock was under constant surveillance. An employee/friend of defendant Russell Carrisquillo would constantly video record the plaintiff Brock. A second employee said Russell had in fact questioned the nature of her and Brock's relationship and wanted to know what they talk about, as well as recounted instances he spotted the two together. She said Russell insisted the two have nothing to talk about. She suggested Russell did not like the plaintiff Brock and that Russell had pursued her in the past despite being a married man.

4.) The plaintiff Brock reported an incident in which a white co-worker made a racially motivated insult about Brock to other employees in a crowded employee lounge as well as revealed private Personnel file information that only he and management had knowledge of. The defendants Rusell Carrisquillo and Emil Bernado referred to the issue as "none of their business" and referred to it as "Union Business" instead of addressing the racial comments and breach of private Clarkstown employee information.

5.) Plaintiff Brock was denied a promotion which was promised to him by the the assistant Superintendent of Clarktown. After interviewing several other employees for the position defendant Russell gave the position to another driver instead. It was later revealed to the plaintiff by Russell Carisquillo that the denial of the position is directly related to Brock being Racially insulted weeks prior. He referred to the racist comment made to

other employees in the lounge as an altercation between Brock and another employee despite the employees present insisting Brock wasn't involved other than being the person referred to and insulted.

6.) Plaintiff Brock and his Union Shop Steward met with Russell Carrisquillo to address a conflict of the Union's bargaining agreement with the School District involving Brock's clock-in time. The defendant Russell Carrisquillo told Brock and The Union Representative that he will not correct the time in accordance to the bargaining contract despite Brock's Shop Steward's request and the defendant Russell also threatened to terminate Brock while his Union Representative looked shocked by the undermindment.

7.) Plaintiff Brock reported a second employee being sexually harassed at work after the employee came to a friend distraught about the incident. She was hesitant to contact the district because she felt intimidated by defendants Russell Carrisquillo and Emil Bernado and felt her job could be at risk for reporting the incident to the district. The plaintiff Brock reported the incident via email about a week after the incident to the defendant Marc Baiocco and an email to his assistant . The defendant Marc Baiocco agreed to investigate the situation while his assistant administrator kept insisting he will only handle the matter if the plaintiff revealed his name, despite plaintiff insisting he feared retaliation from Defendant Russell Carrissquillo for speaking out. The email specified more than one occasion including one which a female employee reported to the defendant Russell Carrisquillo's about Russell's close friend who happen to be a driver at Clarkstown. She reported him for sexuall harassment and the defendant's response was, "What do you want me to do? He is a close friend of mine". It was an incident that occured before defendant Marc Baiocco become Clarkstown Administration. That particular employee was terminated after the female employee decided to go above defendant Russell Carisquillo and report it to the the Superintendent of Schools after Russell failed to respond correctly. The plaintiff Brock's email also spoke of work conditions including a past employee that was a monitor on a special needs bus route who despite being sent home a few times for being intoxicated, Mr Carisquillo would allow her to continue attending work drunk and work with special needs students.

8.) The Bus Drivers, Monitors, and the Union held a big meeting with over 30 drivers and monitors in attendance. At the meeting plaintiff Brock spoke among the attendants. Plaintiff made it clear that Defendant Russell Carisquillo was violating the Union Contract and let attendants know Russell is threatening to fire him for speaking out. After the meeting Brock and other employees spoke with the Union Delegates about Brock being targeted for quite some time and suggested it is retaliation for past complaints made by the plaintiff. The Union Delegate even said "We all know Russell is targeting Brock and it is so obvious". The Delegates promised after the meeting to speak to defendant Mr Carisquillo to get what they called "Some Respect For Brock" as well as demand Russell fix the plaintiff Brock's clock-in time once and for all. The Union Delegate did so and that was Brock's last day of employment. He was terminated the next day.

9) After a request to meet with District Administrators in reference to constant targeting from defendants Russell Carisquillo and Emil Bernado as well as concerns about the working environment the plaintiff Brock was granted what was called a non-disciplinary meeting intended to report his concerns to the District. At the meeting plaintiff Brock was called a liar by defendant Chrstiopher Macaluso the assistant superintendent of schools. He also told Brock that he didn't have time to hear his concerns. The defendant Mr Macaluso fired the plaintiff Brock on the spot and asked him for any belongings he would have of Clarkstown's Property. Mr Macaluso said the reason for termination was an alleged comment that Brock made to Russell Carisquillo last school year, 4 months prior. The plaintiff Brock asked Macalus for a disciplinary document of the incident as proof but was denied any Disciplinary Write-Ups to prove such an allegation. The plaintiff denied the comment ever being made.

10.) One particular day the Plaintiff Brock greeted the defendant Emil Bernado in the Haitian Creole language. The defent Emil who happens to be a supervisor response to the plaintiff was "You know alot of Creole because you fuck alot of haitian bitches". The inappropriate comment was reported to the Union a day before Plaintiff Brock's termination as well as to the defendant Macaluso the day of Brock's termination.

11.) The Amalgamated Transit Union Filed a Grievance and called the Plaintiff Brock's Termination a Violation of the ATU and Clarkstown Schools bargaining agreement. The district would respond to the grievance still claiming this alleged "hear say" comment that cannot be proved.

12.) The plaintiff Brock and his Union Delegate met with defendant Marc Baiocco to discuss Brock's concerns as well as to resolve the grievance in attempt to get Brock's job back. The meeting was more than a month after Brock's termination. At the meeting Dr. Marc Baiocco said, " I honestly don't know what lead to you getting terminated. Dr Marc also gave plaintiff Brock an ultimatum to hand over the secret recordings and proof he has against defendant Russell Carrisquillo and told Brock, " this is your last chance to give me whatever you have "against "Russell and Emil". Dr Marc referred to the meeting as the last stop to get your job back.

13.) Two months after plaintiff Brock's termination, the defendant Dr Marc sent another response to the grievance. This time the reason for termination had changed to Brock yelling at two employees. Once again it was an incident that was undocumented and "hear say" as well as a shady desperate attempt to justify a termination rooted in retaliation, and discrimination.

14.) Plaintiff Brock did a foil request which stands for Freedom Of Information Law. The School District sent Brock his full personnel file via email. Among the approximately 100 documents t was not any documentation dating prior to the plaintiffs termination about an inappropriate comment to a supervisor or any documentation of so called, "YELLING" at two employees.

15.) Plaintiff Brock received a secret video from a Clarkstown Employee. The video secretly shows Defendant Russell Carrisquillo black mailing the employee. In the video Russell insists the employee is not allowed to have other employees sign a letter in support of plaintiff Brock. In the video you can hear him say to the employee, " you illegally moved a school bus without authorization the other day and I let it go but I will take action if you want to "PUSH" the issue with Brock.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Newark Area Office**
283-299 Market St, Suite 1703
Newark, NJ 07102
(862) 338-9410
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/14/2025

**To:** Mr. Brock C. Tanksley
160 North Main Street Apt 61B
NEW CITY, NY 10956

Charge No: 520-2025-05040

EEOC Representative and email: GLENDORA YOUNG
INVESTIGATOR
GLENDORA.YOUNG@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-05040

On behalf of the Commission,

GLENDORA YOUNG Digitally signed by GLENDORA YOUNG
Date: 2025.08.14 14:33:42 -04'00'

FOR
John Waldinger
Area Office Director

**Cc:**
Clarkstown Central Schools
62 OLD MIDDLETOWN RD
NEW CITY, NY 10956

Christopher P Macaluso
Clarkstown Central School District
62 Old Middletown Rd
New City, NY 10956

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-05040 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-05040 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.